Billy Charles GRAHAM, Appellant,

v.

The STATE of Texas, Appellee.

No. 37756.

Court of Criminal Appeals of Texas.

March 3, 1965.

Charles R. Wheeler, Fort Worth, for appellant.

Doug Crouch, Dist. Atty., Grady Hight and R. J. Adock, Asst. Dist. Attys., Fort Worth, and Leon B. Douglas, State's Atty., Austin, for the State.

BELCHER, Commissioner.

The offense is assault with intent to murder; the punishment, five years.

While the appellant was sitting at the bar in a lounge, the injured party, Martin, and his companion, Kinney prepared to leave. Kinney had previously bought a six-pack of beer and a carton of cigarettes, which he had placed on the bar near where the appellant was sitting. In leaving, Martin attempted to pick up the beer and cigarettes but the appellant ordered him to leave them alone. Martin left the beer and cigarettes on the bar and walked toward the door. At this time, the appellant took a knife from his pocket and approached Martin,

who was standing near the door. Although several persons, according to the evidence, tried to stop the appellant, he cut Martin with the knife under the arm and on the left leg. When the appellant started to cut Martin again, Kinney hit him on the head with a beer bottle. Then appellant whirled around and when he was unable to find out who had hit him, he put his knife in his pocket and left the lounge.

Officer Clayton testified that he arrived at the scene of the difficulty shortly after it occurred; and that soon thereafter he apprehended the appellant at his home. The appellant told Clayton that he had cut the man in the lounge and that he used the knife he then had in his pocket. When Clayton told appellant, after he had examined the knife, that he did not believe it was the knife that was used, appellant said he had thrown the knife he used onto the school ground. After going to the school ground, the appellant told Clayton: "Well, let's go back to the house and get the knife." While testifying, Clayton identified the knife that appellant said he used and then he made measurements of it. It was 9.38 inches long, with two blades, each blade being 4⅛ inches in length. Clayton testified that both blades were wet with water and had small particles of blood on them.

The physician, who examined the injured party at the hospital, testified that he suffered a stab wound in the arm pit about two and one-half inches in depth, severing both the artery and veins, and four major nerves of the upper extremity, which took about four hours to repair; and that the injured party had undergone five operations as a result of the same wound, and had a limited use of his arm and fingers; and that such wound was a serious one which would likely have caused death if immediate medical treatment had not been received.

The appellant did not testify but called his mother as a witness. She testified that when appellant arrived home he had blood on top of his head and also on his shirt and jacket, and that he was not drunk.

There are no formal or informal bills of exception, and no objections to the court's charge.

The evidence is sufficient to warrant the jury's finding that the appellant is guilty, as charged, and supports the conviction.

The judgment is affirmed.

Opinion approved by the Court.